******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# MUTUAL SECURITY CREDIT UNION *v.* MIRANDA HARDY
## (SC 21172)

Mullins, C. J., and McDonald, D'Auria, Ecker,
Alexander, Dannehy and Bright, Js.

*Syllabus*

The plaintiff credit union sought to recover damages from the defendant for a deficiency balance arising from her default on a retail installment sales contract for the purchase of a motor vehicle, which the plaintiff had repossessed and sold following the defendant's default. The defendant also sought to recover damages from the plaintiff in a counterclaim under article 9 of the Uniform Commercial Code (UCC) (§ 42a-9-625) and the Retail Installment Sales Financing Act (RISFA) (§ 36a-785). The trial court granted the plaintiff's motion for summary judgment on the defendant's counterclaim, concluding that the defendant's counterclaim for damages under §§ 42a-9-625 and 36a-785 was barred by the one year limitation period set forth in the statute of limitations (§ 52-585) governing actions "for any forfeiture upon any penal statute . . . ." The defendant appealed from the trial court's ruling on the plaintiff's motion for summary judgment. *Held*:

The trial court having improperly applied the one year limitation period in § 52-585 to the defendant's counterclaim under both article 9 of the UCC and RISFA, that court also improperly granted the plaintiff's motion for summary judgment, and, accordingly, this court reversed in part the trial court's ruling on that motion and remanded the case for further proceedings.

In so concluding, this court was guided by its decision in the companion case of *Connex Credit Union* v. *Madgic* (354 Conn. 459), in which the court concluded that, because §§ 42a-9-625 and 36a-785 are not penal statutes, the one year limitation period in § 52-585 is not applicable to claims brought under those statutes and that the three year limitation period set forth in the statute of limitations (§ 52-577) governing tort claims was the most suitable limitation period for claims brought under §§ 42a-9-625 and 36a-785.

Argued February 5—officially released April 28, 2026

*Procedural History*

Action to recover on a promissory note, and for other relief, brought to the Superior Court in the judicial district of New Haven, where the defendant filed a counterclaim; thereafter, the plaintiff withdrew its complaint; subsequently, the case was transferred to the judicial district of Waterbury, Complex Litigation Docket, where the court, *Pierson, J.,* denied the defendant's motion for class certification; thereafter, the court, *Pierson, J.,*

granted the plaintiff's motion for summary judgment, and the defendant appealed. *Reversed in part*; *further proceedings*.

*Tadhg Dooley*, with whom were *Garrett A. Denniston*, *Armando Ghinaglia* and, on the brief, *Marisa A. Bellair*, for the appellant (defendant).

*Jonathan C. Zellner*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. This is the first companion case to *Connex Credit Union* v. *Madgic*, 354 Conn. 459,    A.3d (2026), which we also decide today. The plaintiff, Mutual Security Credit Union, brought an action against the defendant, Miranda Hardy, to recover damages arising from a deficiency balance associated with her default on a retail installment sales contract following its repossession and sale of her motor vehicle. The defendant filed a counterclaim for damages under article 9 of the Uniform Commercial Code (UCC), General Statutes § 42a-9-101 et seq., and the Retail Installment Sales Financing Act (RISFA), General Statutes § 36a-770 et seq.[1] The trial court subsequently granted the plaintiff's motion for summary judgment, concluding that the defendant's counterclaim for damages under General Statutes §§ 42a-9-625 and 36a-785 was time barred by the one year statute of limitations set forth in General Statutes § 52-585 for "suit[s] for any forfeiture upon any penal statute . . . ."[2]

The defendant now appeals[3] and claims that the timeliness of her counterclaim is governed by the four year limitation period set forth in article 2 of the UCC; see

___

[1] Although not relevant to this appeal, the defendant also alleged violations of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq.

[2] The defendant also moved for certification of her counterclaim as a consumer class action. The trial court denied this motion on the ground that the counterclaim was time barred by § 52-585.

[3] The defendant appealed from the decision of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

General Statutes § 42a-2-725; or, alternatively, the three year limitation period set forth in General Statutes § 52-577. Guided by our decision in *Connex Credit Union* v. *Madgic*, supra, 354 Conn. 459, we conclude that the trial court incorrectly determined that the defendant's counterclaim under §§ 42a-9-625 and 36a-785 was time barred by § 52-585. On remand, the trial court should apply the three year statute of limitations set forth in § 52-577 to the defendant's counterclaim under both §§ 42a-9-625 and 36a-785. See id., 472.

The trial court's decision granting the plaintiff's motion for summary judgment is reversed with respect to the defendant's counterclaim under §§ 42a-9-625 and 36a-785 and the case is remanded for further proceedings according to law; the trial court's decision is affirmed in all other respects.